DECISION
PER CURIAM.
This case comes before the Ho-Chunk Nation Supreme Court on appeal of the Trial Court’s Order (Final Judgment) in CV 04-72, dated January 26, 2009. Oral arguments were heard on June 20, 2009, by Chief Justice Mary Jo Hunter, Associate Justice Dennis Funmaker, and Associate Justice Joan Greendeer-Lee. The appellant appeared through her attorney, Timothy Harjo; appellee was represented by Attorney Alysia LaCounte of the HCN Department of Justice.
FACTS AND PROCEDURAL HISTORY
The appellant, Joyce Warner, is an enrolled member of the Ho-Chunk Nation. Ms Warner was formerly employed as the DeJope Bingo Executive Manager. Order (Denying Plaintiffs Motion for Summary Judgment), CV 04-72 (Tr.Ct. Sept. 11, 2006) (“Trial Court Order”), p. 11, 112. Defendant Ona Garvin was formerly the Interim Director of Gaming within the Business Department, and Ms. Warner’s supervisor. Id. at 12, 113. Defendant James Webster was formerly the Executive Director of the Business Department. Id.
Ms. Warner was demoted from her position on May 23, 2004, in what her employer labeled a “non-diseiplinary demotion”. Id. at 12, 4. She did not receive advance notice of her demotion. Id. Ms. Warner submitted a timely Level 1 grievance to her supervisor and to the Personnel Department on May 25, 2004. Id. at 12-13, 5-6. There was no response to Ms. Warner’s Level 1 grievance. Id. at 13,117. Ms. Warner submitted a timely Level 2 grievance to Executive Director Webster on June 9, 2004. Id., at 13, 9-11. Mr. Web *378 ster provided an untimely response to this grievance. Id. at 14, ¶¶ 12-13.
Ms. Warner timely filed suit in the Trial Court on July 20, 2004. Id. at 14, ¶¶ 14-15. Ms. Warner and the defendants /ap-pellees each filed motions for summary judgment with the Trial Court. Defendants’ Motion for Summary Judgment, CV 04-72 (Tr. Ct., Dec. 20, 2004); 'plaintiffs Motion for Summary Judgment, CV 04-72 (Tr. Ct., Nov. 23, 2005). The Trial Court granted the defendants’ motion for summary judgment, and denied Ms. Warner’s motion. Trial Court Order (Denying Plaintiffs Motion for Summary Judgment) (Tr. Ct. Sept. 11, 2006).
Ms. Warner timely filed a Notice of Appeal with this Court on November 13, 2006. This Court remanded to the Trail Court for further review. Decision, SU 06-05 (S.Ct. June 19, 2007). On remand the Trial Court attempted to address the issues as directed by this Court. Order (Determination upon Remand), CV 04-72 (Tr. Ct., Aug. 15, 2008). The Trial Court then allowed the parties to submit briefs on several additional issues, and again dismissed Ms. Warner’s claims. Order (Final Judgment), CV 04-72 (Tr. Ct., Jan. 26, 2009).
Ms. Warner filed a timely appeal to this Court on March 27, 2009. Notice of Appeal from Final Judgment of Trial Court, SU 09-02 (S.Ct., March 27, 2009). Ms. Warner timely tiled an Appellant’s Brief in Support of Appeal on April 27, 2009. The appellees timely filed their Response Brief on May 27, 2009. This Court has reserved the decision on whether to hold oral arguments.
ISSUES PRESENTED
A. The Trial Court did not address the issue of pretext as directed by this Court.
In her initial Complaint to the Trial Court, Ms. Warner alleged that her nondisciplinary demotion was in fact a pretext to allow for Darren Brinegar—a Legislator’s son—to be given her position. Memo of Joyce Warner, CV 04-72 at 2-3; See also Decision, SU 0605 at 4-6. Ms. Warner received permission from the Trial Court to amend her initial complaint, and filed her First Amended Complaint on January 18, 2005, in which she did not specifically argue that her demotion was a pretext for the hiring of a Legislator’s son. The Trial Court, in granting the defendants’ motion for summary judgment, found that a non-disciplinary demotion did not require constitutional due process protections, but did not address the issue of pretext. Trial Court Order at 17.
In the Supreme Court’s first Decision in this case, this Court remanded to the Trial Court with instructions to determine two specific issues: (1) whether Ms. Warner’s allegations of pretext in her initial Complaint survived into her Amended Com plaint; and, if so (2) whether Ms. Warner’s demotion was in fact a pretext fur other reasons. Decision at 5-6. In c\ plaining its meaning of “pretext,” this Court referred specifically to Ms. Warner's allegation in her initial Complaint that she was demoted to allow for Darren Brinegar to be given her position. Id. at 5.
In its Order on Remand, the Trial Court purportedly addressed these two issues In finding: (1) that Ms. Warner “intended to establish that defendant Webster ‘re placefd] Plaintiff with a favored emploA ee under the guise of a lawful demotion.'" which is presumably a holding that tlv allegations of pretext in Ms. Warner’s ini tial Complaint survived into her Amend i d Complaint; and (2) that Ms. Warner “wholly failed to present persuasive evidence” in regard to pretext at the initial trial. Trial Court Order on Remand at 8, *379 ¶ 6. The Trial Court did not further address the allegation that Ms. Warner’s demotion was a pretext for the hiring of Mr. Brinegar. However, the Trial Court went on to find that Ms. Warner’s non-disciplinary demotion was in fact a “pretext” for a disciplinary demotion. Id. at 8, ¶ 8. The Trial Court based this finding on statements from the defendants, more than four years after the demotion, that Ms. Warner was demoted because of a lack of ability to perform her job duties. Id. at ¶17.
The Trial Court appears to have ignored this Court’s request to determine whether Ms. Warner’s demotion was a pretext for the hiring of a Legislator’s son. Instead, the Trial Court addressed the issue in a single sentence, concluding that Ms. Warner had failed to present evidence of pretext during her initial trial. Id. at 8, ¶ 6. It is clear from this Court’s Decision that the alleged pretext to be addressed by the Trial Court was the hiring a favored employee under the guise of demoting Ms. Warner, and not other reasons:
Pretext is defined as: “[distensible reason or motive assigned or assumed as a color or cover for the real reason or motive; false appearance, pretense.” [Citation omitted]. In this case, Ms. Warner alleged that the non-disciplinary demotion was to allow for Darren Brine-gar to be given her position, [citation omitted]. Yet, despite that allegation, the Trial Court ruled that pretext had not been alleged or satisfied to the Trial Court.
Decision at 5.
Despite the clear direction of this Court, the Trial Court refused to address this specific issue of pretext, and instead independently found that Ms. Warner’s demotion was a “pretext” for a disciplinary demotion. While a non-disciplinary demotion might technically be a “pretext” for a disciplinary demotion under the definition quoted above, that is not the issue envisioned by this Court when it remanded to the Trial Court.
B. The issue of pretext is not asserted by Ms. Warner on appeal.
Ms. Warner does not argue the Trial Court's holding on the pretext issue in her appeal. Instead, her appeal is based on the Trial Court’s additional and independent holdings in its later Final Judgment. This may have been intentional on Ms. Warner’s part. However, it may also stem from the fact that the Trial Court, in its Order on Remand, did not include the parties’ rights to appeal, unlike every other order issued by the Trial Court. See Trial Court Order on Remand, at 10-11.
While Ms. Warner does not specifically address the Trial Court’s holding on pretext in her appeal, (1) the Trial Court’s findings in its Order on Remand are contrary to the direction of this Court in its Decision; and (2) the Trial Court’s Final Judgment, on which Ms. Warner does base her appeal, is wholly dependent on the Trial Court’s findings on pretext in its Order on Remand.
DECISION
Ms. Warner raises the following issues on appeal:
I. Whether the Trial Court’s finding that Ms. Warner was not given notice of her demotion was sufficient grounds for the Trial Court to order that she be reinstated to her former position;
II. Whether Ms. Warner’s claims arc barred by sovereign immunity; and
III. Whether there was disciplinary justification for demoting Ms. Warner.
*380 I.
Whether the Trial Court’s finding that Ms. Warner was not given notice of her demotion was sufficient grounds for the Trial Court to order that she be reinstated to her former position.
Ms. Warner, in her Brief first argues that the Trial Court’s finding that Ms. Warner was not given notice of her demotion is sufficient grounds to reinstate her to her former position. Appellant’s Brief at 5-6. Ms. Warner notes that the Trial Court found that she received no notice of her demotion “in written form or in sufficient verbal form.” Id. at 6, citing Trial Court Order at 17. The whole of Ms. Warner’s argument rests on two statements: “when a plaintiff names an official of the Ho-Chunk as a party to an action, such act enables an award of equitable relief such as reinstatement to a former position.” [citations omitted; emphasis added]; and “the Trial Court can also grant certain prospective, equitable relief requested by a successful plaintiff and other relief as deemed appropriate by the Court.” [citations omitted; emphasis added]. As Ms. Warner’s Brief states, the decision of what type of relief to grant is within the discretion of the Trial Court. Unfortunately, Ms. Warner offers no argument or explanation for why it was an abuse of the Trial Court’s discretion for the Court to deny one type of relief sought by Ms. Warner: reinstatement to a former position. Without any argument from Ms. Warner, this Court likely cannot find that it was an abuse of discretion for the Trial Court to deny reinstatement.
II
Whether Ms. Warner’s claims are barred by sovereign immunity.
Ms. Warner suggests, the PPM’s limited waiver of sovereign immunity is not directed explicitly at any certain kind of employee grievance, but rather appears to apply to employee grievance cases generally, which are heard in the Trial Court. See Appellant’s Brief at 7. The PPM’s limited waiver of sovereign immunity states that the Nation “expressly provides a limited waiver of sovereign immunity to the extent that the Court may award monetary damages for actual lost wages and benefits established by the employee in an amount not to exceed $10,000.” PPM Ch. 12, p. 64 (codifying RCN Leg. Res. 06-09-98A). While this waiver of sovereign immunity purports to be “express,” it does not expressly apply to one kind of employee grievance case over another.
The Trial Court, in its Final Judgment, started from the presumption that any statutory waiver of sovereign immunity must be explicit. Trial Court Final Judgment at 18; HCN Constitution, Art. XII, sec. 1. The Trial Court found that no such express waiver exists for cases based on demotions, because the PPM does not explicitly allow for review of demotions in the Trial Court, unlike cases involving suspensions and terminations. Final Judgment at 18-19. This Court agrees that no expressed waiver exists for cases based on demotions.
III.
Whether there was disciplinary justification for demoting Ms. Warner.
Finally, Ms. Warner argues that the Trial Court abused its discretion in holding that, had Ms. Warner attacked the defendants on the merits of the disciplinan demotion, the Court still would have found proper justification for Ms. Warner’s do motion. Appellant’s Brief at 9-11. Tim Trial Court found that Ms. Warner pro sented no evidence that any of her supen; sors responsible for her demotion would *381 have chosen not to demote her. Trial Court Final Judgment at 17. In support of her argument that this finding was an abuse of discretion and thus reversible error. Ms. Warner argues that: she has had a good performance evaluations at her new position since being demoted; that her budget proposal that was allegedly the basis for her demotion was passed unanimously; and the defendants were unable to present justification for her demotion for over four years. Appellant’s Brief at 9-10.
The determination of how to weigh conflicting evidence in making a decision falls within the discretion of the Trial Court. Defendants have offered testimony that supports a finding that Ms. Warner’s demotion was justified for disciplinan1 reasons. Trial Court Final Judgment at 10, ¶ 5. Given this evidence, the Trial Court’s finding do not rise to the level of reversible error.
CONCLUSION
Therefore based on the reasoning above this court affirms the trial court decision
It is so ordered.